IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AQUA ACCEPTANCE, LLC,

    *Plaintiff*,

    v.

THE PELICAN GROUP CONSULTING, INC., et. al.,

    *Defendants*.

Civil Action No. ELH-20-2802

**MEMORANDUM**

This case concerns a contract dispute involving an $800,000 loan made by plaintiff Aqua Acceptance, LLC ("Aqua") to The Pelican Consulting Group, Inc. ("Pelican Group"), pursuant to a loan agreement (the "Agreement"). In an 60-page First Amended Complaint (ECF 16), supported by numerous exhibits, Aqua sued twelve defendants. They include the Pelican Group Mission Advancement Services, LLC, f/k/a OFK Development and Stewardship, Services, LLC ("OFK Development"); The Pelican Group Securities, LLC ("Pelican Securities"); and the Pelican Group Capital Advisors, LLC ("Pelican Advisors") (collectively, the "Alter Ego Defendants"). In addition, Aqua sued Frank Ferguson, the president and a board member of Pelican Group at the relevant times, and John Whelan, who was also an officer and board member of Pelican Group at the relevant times. The First Amended Complaint also lodges a claim against the University of Mary (the "University"), a private university located in North Dakota, alleging that the University colluded with the other defendants to defraud plaintiff. *See id.* ¶¶ 208-21.

In the First Amended Complaint, Aqua also brought claims against four other limited liability companies and Patrick O'Meara, an "officer and[/]or board member" of Pelican Group at

the relevant time. *Id.* ¶ 12; *see id.* ¶¶ 3-10. Thereafter, plaintiff voluntarily dismissed the suit as to Mr. O'Meara and four entity defendants, without prejudice. ECF 35; ECF 39.

The Amended Complaint contains six counts, *id.* at 40-57:

- Count I (against Pelican Group) — "Money Judgment";

- Count II (against Mr. Ferguson and Pelican Group) — "Breach of Contract, Breach of Representation and Warranties";

- Count III (against all defendants) — "Fraud Civil Conspiracy—Aiding And Abetting";

- Count IV — "The Alter Ego Defendants"[1];

- Count V (against Mr. Ferguson and Mr. Whelan) — "Fraudulent Transfer";

- Count VI (against the University, Mr. Ferguson, and Mr. Whelan) — "Fraudulent Transfer."

None of the claims arise under federal law. As discussed, *infra*, the Amended Complaint invokes diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

Two motions are pending. The University has filed a motion to dismiss Count VI for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2), and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) (ECF 27), supported by a memorandum of law (ECF 27-1) (collectively, the "University Motion") and exhibits. Plaintiff opposes the University Motion. ECF 30. The University replied. ECF 33.

Pelican Group, Mr. Ferguson, and Mr. Whelan (collectively, the "Pelican Defendants") have also filed a motion to dismiss, pursuant to Rule 12(b)(2) and Rule 12(b)(6) (ECF 44), supported by a memorandum of law (ECF 44-1) (collectively, the "Pelican Motion") and exhibits. Plaintiff opposes the Pelican Motion. ECF 47. The Pelican Defendants replied. ECF 48.

---

[1] I have quoted, in full, the title of the count.

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, I shall deny the motions as premature, and without prejudice to defendants' rights to renew their arguments under Rule 12(b)(2) and/or Rule 12(b)(6).

**I.**

The First Amended Complaint invokes diversity jurisdiction, pursuant to 28 U.S.C. § 1332. ECF 16, ¶ 15. But, the parties do not address subject matter jurisdiction in their briefs. As explained below, the Court cannot be certain that diversity is satisfied here. And, there is no other basis for subject matter jurisdiction.

"[B]efore a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). In *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014), the Fourth Circuit observed: "Fundamental to our federal system is the principle that '[f]ederal courts are courts of limited jurisdiction.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (alteration in *Hanna*); *see United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009), *cert. denied*, 558 U.S. 875 (2009). Thus, a federal district court may only adjudicate a case if it possesses the "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2007). Indeed, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Hanna*, 750, F.3d at 432.

Notably, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If a party seeks to proceed in federal court, it "must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530

3

F.3d 293, 296 (4th Cir. 2008). And, pursuant to Fed. R. Civ. P. 12(h)(3), "the court must dismiss the action" if it determines that the court lacks subject matter jurisdiction. *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006). This is because "jurisdiction goes to the very power of the court to act." *Ellenburg*, 519 F.3d at 196.

Further, "[a] court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in *Poole*) (citing *Kokkonen*, 511 U.S. at 377). Moreover, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court sua sponte, at any time prior to final judgment." *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010); *see also McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."); *Snead v. Board of Educ. of Prince George's County*, 815 F. Supp. 2d 889, 893-94 (D. Md. 2011).

Congress has conferred jurisdiction on the federal courts in several ways. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331; *see also Exxon Mobil Corp.,* 545 U.S. at 552; *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012); *see also* U.S. Constitution Art. III, § 2.s  This is sometimes called federal question jurisdiction.

Jurisdiction may also be founded on diversity, pursuant under 28 U.S.C. § 1332(a). Of relevance here, diversity obtains "in civil actions between citizens of different States," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.,* 545 U.S. at 552; *see* § 1332(a). And, complete diversity is required, "meaning that the citizenship of every plaintiff must be

4

different from the citizenship of every defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

Here, Aqua seeks well over $1 million in damages. *See, e.g.*, ECF 16, ¶ 146. Therefore, the amount in controversy requirement of § 1332(a) is plainly satisfied. The same cannot be said of the complete diversity requirement, however.

The following allegations in the First Amended Complaint form the basis for plaintiff's claim of complete diversity. Of the individual defendants, Mr. Ferguson is a Virginia citizen (ECF 16, ¶ 11) and Mr. Whelan is a Florida citizen. *Id.* ¶ 13. [2] As for the entities named as defendants, the Pelican Group is a Delaware corporation with its principal place of business in Virginia. *Id.* ¶ 2. And, plaintiff alleges that each of the Alter Ego Defendants is "a Delaware LLC with its principal place of business located in Virginia." *Id.* ¶ 3; *see id.* ¶¶ 4, 5. The University is a North Dakota nonprofit corporation with its principal place of business in North Dakota. *Id.* ¶ 14. As for itself, Aqua alleges that it "is a Delaware LLC" with its principal place of business in Maryland. *Id.* ¶ 1.

However, because both Aqua and the Alter Ego Defendants are limited liability companies, rather than corporations, their "citizenship for purposes of diversity jurisdiction turns not on [their] place of formation or principal place of business, but on the citizenship of [their] members." *Travelers Indem. Co. of Am. v. Portal Healthcare Sols., L.L.C.*, 644 F. App'x 245, 246 (4th Cir. 2016) (per curiam); *see Cent. W. Virginia Energy Co.*, 636 F.3d at 103 ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of

---

[2] Although Patrick O'Meara was voluntarily dismissed from the suit by Aqua, as noted, the Amended Complaint alleges that he is a citizen of Michigan. *Id.* ¶ 12.

all of its members."). The Amended Complaint does not indicate the citizenship of the members of Aqua or the Alter Ego Defendants, let alone identify them.

Ordinarily, the Court need not rely on the pleadings alone to determine the citizenship of business entities. Under Local Rule 103.3, counsel is required to file a disclosure statement "[w]hen filing an initial pleading . . . or promptly after learning of the information to be disclosed . . . ." Of relevance here, the disclosure statement must address the "identity of all members of any party that is a business entity established under state law, other than a corporation; and in cases based on diversity jurisdiction, the state of citizenship of each member." *Id.*

Aqua initially filed suit about ten months ago. The parties have been actively involved in the case for several months. Yet, as of July 20, 2021, none of the parties had filed a Local Rule 103.3 disclosure statement. On that date, and at my request, the Clerk directed the parties to file their disclosures by July 27, 2021. *See* Docket.

Plaintiff's counsel responded promptly. Aqua's disclosure statement states: "Aqua Acceptance LLC is a Delaware Corporation" with a principal place of business in Maryland. ECF 49. But, the statement does not identify Aqua's members or indicate their citizenship, as required by Local Rule 103.3.

The Pelican Group filed its disclosure statement at 9:41 PM on July 27, 2021. ECF 51. Curiously, defense counsel did not file a disclosure statement on behalf of, or otherwise address, the Alter Ego Defendants, even though defense counsel also represents the Alter Ego Defendants (*see* Docket) and the Pelican Defendants argue for dismissal as to the Alter Ego Defendants in the Pelican Motion. *See* ECF 44-1 at 46. And, defense counsel did not identify the members of the Alter Ego Defendants or indicate their citizenship.

Given the deficiency of the disclosure statements, the Court cannot ascertain the citizenship of plaintiff or the Alter Ego Defendants. Thus, it is not clear that the Court has subject matter jurisdiction to hear the suit.

## II.

For the reasons set forth above, I shall deny the University Motion and the Pelican Motion as premature, and without prejudice to defendants' rights to renew their motions under Rule 12(b)(2) and/or Rule 12(b)(6). Further, within twenty-one days of the issuance of this Memorandum and the accompanying Order, plaintiff's counsel shall file a disclosure of the identities of Aqua's members and their state(s) of citizenship. Likewise, I shall direct counsel for the Alter Ego Defendants to do the same with respect to the Alter Ego Defendants.

An Order follows.

Date: August 4th, 2021                                    /s/
                                                   Ellen Lipton Hollander
                                                   United States District Judge